IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GHEORGHE GUSIN                    :            CIVIL ACTION
                                  :
        v.                        :
                                  :
ANTHONY MARK BIANCHI, et al.      :            NO. 14-7298


MEMORANDUM

Bartle, J.                                         June 28, 2016

        In 2006, defendant Anthony Mark Bianchi ("Mark Bianchi")

was arrested and charged with violating 18 U.S.C. §§ 2422(b),

2423(b), 2423(c), and 2423(e) by traveling overseas to engage in sex

with plaintiff Gheorghe Gusin ("Gusin" or "plaintiff") and ten other

underage boys.  The Government dismissed those charges which

concerned the abuse of plaintiff after he decided not to travel to

the United States to testify against Mark Bianchi at his criminal

trial.  Mark Bianchi was ultimately convicted by a jury on the

remaining charges and was sentenced in 2009 to a term of

imprisonment of 300 months.  Doc. # 285, United States v. Bianchi,

No. 06-19, E.D. Pa. June 2, 2009.  He is currently incarcerated in a

federal prison in Ohio.

        Plaintiff has now filed a civil action against Mark

Bianchi for damages pursuant to 18 U.S.C. § 2255.[1]  He further

_____

1.  Section 2255 provides in pertinent part that "[a]ny person
who, while a minor, was a victim of a violation of section . . .
2422[] or 2423 of this title and who suffers personal injury as

alleges that Mark Bianchi engaged in fraudulent transfers of assets
to his mother, Marguerite Bianchi, who is also a defendant in this
matter, in violation of the New Jersey Uniform Fraudulent Transfers
Act ("NJUFTA"), N.J. Stat. Ann. § 25:2-20 et seq. and the
Pennsylvania Uniform Fraudulent Transfers Act ("PUFTA"), 12 Pa.
Cons. Stat. Ann. § 5101 et seq.  In addition, plaintiff contends
that Mark and Marguerite Bianchi conspired to violate the NJUFTA and
the PUFTA.

Now before the court are two motions:  (1) the motion of
plaintiff for summary judgment on his § 2255 claim as to liability
against Mark Bianchi and on his NJUFTA and PUFTA claims against Mark
and Marguerite Bianchi; and (2) the motion of Marguerite Bianchi for
summary judgment on the claims against her.[2]

I.

Summary judgment is appropriate "if the movant shows that
there is no genuine issue as to any material fact and the movant is
entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);
see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).[3]  A

---

a result of such violation, regardless of whether the injury
occurred while such person was a minor, may sue in any
appropriate United States District Court and shall recover the
actual damages such person sustains and the cost of the suit."

2.  Mark Bianchi has not moved for summary judgment.

3.  Rule 56(c)(1) states:

dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  Id. at 252. "The mere existence of a scintilla of evidence in support of the [nonmovant]'s position will be insufficient; there must be evidence on which the jury could reasonably find" for that party.  Id.

        When ruling on a motion for summary judgment, we may only rely on admissible evidence.  See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999).  We view the facts and draw all inferences in favor of the nonmoving party. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).  However, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to

---

                A party asserting that a fact cannot be or is
                genuinely disputed must support the assertion
                by . . . citing to particular parts of
                materials in the record, including
                depositions, documents, electronically stored
                information, affidavits or declarations,
                stipulations . . . , admissions, interrogatory
                answers, or other materials; or . . . showing
                that the materials cited do not establish the
                absence or presence of a genuine dispute, or
                that an adverse party cannot produce
                admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

defeat entry of summary judgment." <u>Robertson v. Allied Signal,</u>
<u>Inc.</u>, 914 F.2d 360, 382 n.12 (3d Cir. 1990).

A party asserting that a particular fact "cannot be or
is genuinely disputed" must support its assertion by "citing to
particular parts of materials in the record" or by "showing that
the materials cited do not establish the absence or presence of a
genuine dispute, or that an adverse party cannot produce admissible
evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  In
reviewing a motion for summary judgment, the court may consider any
materials in the record but is not required to look beyond those
materials cited by the parties.  Fed. R. Civ. P. 56(c)(3).

II.

Plaintiff first contends that he is entitled to summary
judgment with respect to the issue of liability on his § 2255 claim
against Mark Bianchi.  In support of this argument he relies on the
following facts set forth in the record, which includes, among
other things, plaintiff's affidavit, a copy of plaintiff's
passport, the affidavit of plaintiff's brother Ion Gusin, and a
transcript of the deposition of Mark Bianchi.  All of these facts
are undisputed or viewed in the light most favorable to Mark
Bianchi as the nonmovant.

Plaintiff, a citizen of the Republic of Moldova, was
born in April 1990.  In 2004, when he was fourteen years old, he
met Mark Bianchi, who was visiting the village where plaintiff

-4-

resided.  Mark Bianchi thereafter began sending money via wire
transfer from New Jersey to Ion Gusin, the older brother of
plaintiff, in Moldova, so that Ion Gusin would put him in contact
with "various young boys from poor families in the village."  Mark
Bianchi also spoke by telephone with Ion Gusin about arranging for
plaintiff, Ion Gusin, and Mark Bianchi to travel together to Cuba.

On December 17, 2004, Ion Gusin, Mark Bianchi, and
plaintiff traveled to Varadero, Cuba, where they remained until
January 2, 2005.  Mark Bianchi paid for plaintiff's airfare and for
that of his brother.  He also paid for their lodging and meals and
for various forms of entertainment, such as boat trips.

During their time in Cuba, Mark Bianchi called plaintiff
a "good boy" and a "pretty boy," extolled the virtues of "true
friendship," and told plaintiff he sympathized with his "hard
life."  Mark Bianchi and plaintiff also engaged in oral and anal
sex during their trip.  They did so approximately fifteen times, on
each day of the trip, up to and including their date of departure
on January 2, 2005.  Toward the end of the trip Mark Bianchi gave
plaintiff $600 as compensation for the sex acts in which the two
had engaged.

Mark Bianchi was deposed in this action at the federal
prison where he is incarcerated.  During his deposition, he was
asked, among other things, whether he had engaged in anal and oral
sex with plaintiff during a trip to Romania that preceded their

-5-

visit to Cuba; whether he had given money and gifts to plaintiff;
whether he had secured a reservation at a hotel in Cuba; whether he
had purchased a plane ticket for plaintiff to travel to Cuba;
whether plaintiff and his brother had traveled to Cuba; and whether
"between December 18, 2004 and January 2, 2005, [he] had anal and
oral sex with [plaintiff] every day during [plaintiff]'s stay in
Cuba for a total of about 15 times."  To each of these inquiries
Mark Bianchi responded:  "On counsel's advice, I invoke my right
under the 5th Amendment not to answer on the grounds [sic] I may
incriminate myself."

     Mark Bianchi has not directed our attention to anything
in the record that would create a genuine dispute of material fact
as to the evidence relied on by plaintiff.  See Fed. R. Civ. P.
56(c)(1).  When confronted with this evidence he has instead
invoked his right to remain silent.  Our Court of Appeals has held
that although the silence of a defendant in a civil case "in itself
[is] insufficient to support an adverse decision . . . such silence
in conjunction with other evidence against the defendant [can]
support that result."  S.E.C. v. Graystone Nash, Inc., 25 F.3d 187,
191 (3d Cir. 1994) (citing Baxter v. Palmigiano, 425 U.S. 308, 318
(1976).  Further, "[a]n adverse party in a civil case is not
prevented from presenting evidence to the factfinder to support his
own position even in the absence of testimony from the party
invoking the privilege" against self-incrimination.  Id.

-6-

Mark Bianchi insists that "his assertion of the Fifth Amendment does not, in and of itself permit the Court to draw a negative inference of liability without more." Even if he is correct, the record contains additional undisputed evidence. We consider Mark Bianchi's silence in conjunction with the evidence against him contained in the record and identified by plaintiff. In any event, the facts identified by plaintiff are undisputed even if we do not draw any negative inference from Mark Bianchi's silence.

Mark Bianchi further urges that there are "material facts in dispute" because plaintiff has provided contradictory accounts of the trip to Cuba. He points, for example, to the fact that plaintiff stated in his affidavit that Mark Bianchi "engaged [him] in two types of unwanted sexual conduct: oral and anal" but testified during his deposition that he and Mark Bianchi engaged only in oral sex. Mark Bianchi also contends that "[t]he finder of fact could conclude a nefarious intent" from the fact that plaintiff kept photographs of his trip to Cuba despite the alleged illicit sexual acts. In addition, Mark Bianchi takes issue with plaintiff's submission of the affidavit of a psychologist who was present for an interview of plaintiff that occurred in Moldova. None of Mark Bianchi's assertions, even if true, gives rise to a genuine dispute of material fact.

Having concluded that Mark Bianchi has failed to identify any genuine dispute of material fact, we now assess whether plaintiff is entitled to judgment as a matter of law with respect to liability on his § 2255 claim.  See Fed. R. Civ. P. 56(a).  As noted above, § 2255 provides:

> **(a) In general.**--Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit.

> **(b) State of limitations.**--Any action commenced under this section shall be barred unless the complaint is filed within 10 years after the right of action first accrues . . . .

Plaintiff contends that he is entitled to liability under § 2255 because he is a victim of Mark Bianchi's violation of §§ 2422(b), 2423(b), and 2423(c).  We first address § 2422(b), which provides in pertinent part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and

-8-

        imprisoned not less than 10 years or for
        life.

The record reveals no dispute as to the fact that Mark Bianchi's
actions violated § 2422(b).  Mark Bianchi initiated wire
transfers from New Jersey to Moldova in order to induce
plaintiff and Ion Gusin to travel to Cuba so that Mark Bianchi
could engage in sexual activity with plaintiff, who was fourteen
years old at the time.

        Section 2423(b) states in relevant part that a "United
States citizen . . . who travels in foreign commerce, for the
purpose of engaging in any illicit sexual conduct with another
person shall be fined under this title or imprisoned not more
than 30 years, or both."  It is undisputed that Mark Bianchi is
and was at all relevant times a United States Citizen, and that
he traveled in foreign commerce when he made the journey to Cuba
in late 2004.

        Moreover, Mark Bianchi has pointed to nothing in the
record to contravene the evidence that he did so "for the
purpose of engaging in . . . illicit sexual conduct with another
person."  See 18 U.S.C. § 2423(b).  Section 2423 defines
"illicit sexual conduct" to include "a sexual act (as defined in
section 2246) with a person under 18 years of age that would be
in violation of chapter 109A if the sexual act occurred in the
special maritime and territorial jurisdiction of the United

                                -9-

States." Id. § 2423(f)(1).  The term "sexual act" is defined by § 2426 to include both "contact between . . . the penis and the anus [which] occurs upon penetration, however slight" and "contact between the mouth and the penis."  Id. § 2246(2). Finally, Chapter 109A of Title 18, which is referenced in § 2423(f)(1), criminalizes a range of conduct occurring within the jurisdiction of the United States, including "knowingly engag[ing] in a sexual act with another person who . . . has attained the age of 12 years but has not attained the age of 16 years and . . . is at least four years younger than the person so engaging."  18 U.S.C. § 2243(a).

The record reveals that Mark Bianchi engaged in "sexual acts" with a person under 18 years of age when he engaged in oral and anal sex with plaintiff, and Mark Bianchi has referenced nothing in the record to contradict this.  Had these sexual acts occurred in the United States, they would have violated Chapter 109A, which prohibits knowingly engaging in sexual acts with a person who is at least four years younger and is at least twelve but not yet sixteen.[4]

---

4.  The record contains photographs of plaintiff taken during the 2004 trip to Cuba.  Some depict plaintiff alone and others show both plaintiff and Mark Bianchi.  From plaintiff's appearance in these photographs, it cannot reasonably be disputed that Mark Bianchi knew at the time that plaintiff was at least twelve but less than sixteen years old and at least four years younger than he.  See 18 U.S.C. § 2243(a).  Further,

Finally, Mark Bianchi has identified no dispute of material fact with respect to the evidence that he traveled in foreign commerce, that is to Cuba, "for the purpose" of engaging in this unlawful activity.  See 18 U.S.C. § 2423(b).  In sum, the undisputed evidence in the record makes clear that the actions of Mark Bianchi violated § 2423(b).  See id. §§ 2423(b), (f)(1); 2243(a); 2246(2).

The same analysis holds true with respect to § 2423(c).  That subsection provides in relevant part that "[a]ny United States citizen . . . who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."  Again, it is uncontradicted that Mark Bianchi traveled in foreign commerce, that is to Cuba, and that while there he engaged in illicit sexual conduct, in this case anal and oral sex, with plaintiff.  See id. §§ 2423(c), (f)(1); 2243(a); 2246(2).

In sum, it is beyond any doubt that the actions of Mark Bianchi violated §§ 2422(b), 2423(b), and 2423(c).  This renders Mark Bianchi liable under § 2255.  The record establishes without contradiction that plaintiff was a victim of

---

it is undisputed that plaintiff was fourteen years old at the time and that Mark Bianchi was forty-two.

a violation of §§ 2422 and 2423 while a minor and that he
suffered personal injury as a result.  The record likewise
establishes that Mark Bianchi engaged in illicit sexual activity
with plaintiff on each day of their trip to Cuba, which
continued into the early days of 2005.  This action was
commenced on December 29, 2014 and thus falls within the
applicable statute of limitations, albeit by a matter of days.
See 18 U.S.C. § 2255(b).

Accordingly, plaintiff is entitled to summary judgment
with respect to liability[5] on his § 2255 claim against Mark
Bianchi.

III.

Plaintiff and Marguerite Bianchi have also filed
cross-motions for summary judgment on plaintiff's claims that Mark
and Marguerite Bianchi engaged in a fraudulent transfer as defined
by the PUFTA and NJUFTA.  With respect to those claims there remain
genuine disputes of material fact.  Consequently, the motion of
plaintiff will be denied insofar as it seeks summary judgment on
the PUFTA and NJUFTA claims, and the motion of Marguerite Bianchi
for summary judgment will be denied in its entirety.

---

5.  As noted above, plaintiff does not argue that he is entitled
to summary judgment with respect to the amount of damages to
which he is entitled under § 2255.